UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LUCIANO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GS OPERATING, LLC,<br><br>Defendant. | Case No. 24-cv-05408-JD<br><br>**ORDER RE REMAND** |

Plaintiff Pedro Luciano sued defendant GS Operating, LLC, on a variety of wage and hour claims under California state law on behalf of himself and putative classes of California employees. Dkt. No. 2-1 (complaint). The complaint was originally filed in Alameda County Superior Court. *Id*. GS Operating removed the case to federal court on traditional diversity jurisdiction grounds. Dkt. No. 1 at 2, 5-15. Luciano asks to remand. Dkt. No. 16. The parties' familiarity with the record is assumed, and remand is denied.

Before getting to the merits, GS Operating's muddled comments on jurisdiction need straightening out. GS Operating expressly removed under 28 U.S.C. § 1332(a) on the basis of diversity of citizenship of the parties and an amount in controversy that exceeds $75,000. Dkt. No. 1 at 2. All of its arguments in support of removal were made under Section 1332(a). *See id.* at 4-8. In opposition to the remand motion, GS Operating again focused on the elements of Section 1332(a). *See* Dkt. No. 17 at 7-8. Inexplicably, GS Operating also sprinkled random references in the removal petition and opposition brief to 28 U.S.C. § 1332(d), which permits removal of certain class actions where the amount in controversy exceeds $5 million dollars. *See, e.g.,* Dkt. No. 1 at 2 (mentioning Section 1332(d)); Dkt. No. 17 at 8 (mentioning no anti-removal presumption under Section 1332(d)).

Why Section 1332(d) was referenced at all by GS Operating is a mystery. The case is styled as a putative class action, but none of GS Operating's arguments touch upon that in any way as a basis of federal jurisdiction and removal. GS Operating's removal theory is based entirely on traditional diversity jurisdiction under Section 1332(a), as its papers and arguments amply demonstrate. Consequently, the question of federal jurisdiction in this case will be answered solely with respect to Section 1332(a).

The only dispute with respect to diversity jurisdiction is whether the amount in controversy exceeds the statutory threshold of $75,000. 28 U.S.C. § 1332(a); Dkt. No. 16 at 2-3. To determine the amount in controversy in this case, the Court looks only at the named plaintiff and not the putative class. *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). The complaint is silent on its face about the amount of Luciano's damages. Consequently, "[u]nder *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 84 (2014), '[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so,' and it may do so in a 'short and plain' statement that 'need not contain evidentiary submissions.'" *Wondeh v. Change Healthcare Practice Management Solutions, Inc.*, No. 19-cv-07824-JD, 2020 WL 5630268, at *1 (N.D. Cal. Sep. 9, 2020).

"'[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 87). "'If the plaintiff contests the defendant's allegation,' then removal is proper only 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88). "'In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88). The parties spar a bit over whether the amount in controversy must be proven to a legal certainty, *see, e.g.,* Dkt. No. 16 at 2, but *Dart Cherokee* dispelled any such notion by quoting "a House Judiciary Committee Report which stated that removing 'defendants do not need to prove to a legal certainty that the amount in

controversy requirement has been met.'" *Wondeh*, 2020 WL 5630268, at *1 (quoting *Dart Cherokee*, 574 U.S. at 88-89).

GS Operating provided a fact-based estimate that Luciano's damages are in the ballpark of $20,850. *See* Dkt. No. 1 at 8-13 (citing Dkt. No. 3 ¶ 5). Luciano did not dispute this estimate or proffer any contrary facts. Consequently, that amount is accepted for jurisdictional purposes.

The main area of disagreement is whether Luciano will incur enough in attorney's fees and costs to get the amount in controversy over the $75,000 threshold. Attorney's fees that may be recovered by statute or contract are counted toward the amount in controversy. *Coleman v. Hat World, Inc.*, No. 3:23-cv-03437-JD, 2024 WL 422079, at *1 (N.D. Cal. Feb. 5, 2024) (citing *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). As GS Operating states, without objection by Luciano, attorney's fees and costs may be awarded if Luciano prevails on the claims under the California Labor Code. *See* Dkt. No. 1 at 13 (citing Cal. Lab. Code §§ 218.5, 226(e) & (g), 1194(a), 2802(c)). GS Operating, the proponent of federal jurisdiction, bears the burden of demonstrating by a preponderance of evidence and in a non-speculative way that Luciano will incur fees and costs of at least $55,000 to establish jurisdiction under Section 1332(a). *Id.* (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)).

It has done so. GS Operating estimates that attorneys for Luciano are likely to incur at least 117 hours on his individual claims at a blended rate of $645 per hour, leading to a total of $75,465 in fees. Dkt. No. 17 at 12-13. GS Operating based the estimate on a breakdown of the hours anticipated for each task involved in litigating this case through trial, as well as on fee awards in similar wage and hour actions. *See id.* at 10-13. The blended rate estimate was based on declarations filed by plaintiff's counsel in similar cases. *See* Dkt. No. 17 at 11-12 (citing Dkt. Nos. 17-2, 17-3, 17-4).[1] Even if these figures were discounted substantially to 100 hours and a blended rate of $550 per hour, the fees component would be enough to exceed the threshold. It

---

[1] Court filings and records are appropriate for judicial notice, and GS Operating's request is unopposed. *See* Dkt. No. 17-1. Consequently, the Court takes notice of the attorney's fees declarations filed in federal court by plaintiff's counsel. *See U.S. Specialty Ins. Co. v. Silver Elec. Builders, Inc.*, No. 21-cv-00564-JD, 2024 WL 4752130, at *1 n.1 (N.D. Cal. Nov. 12, 2024).

also bears mention that, in the Court's long experience, attorney's fees of at least $55,000 are not unreasonable in light of getting a case like this through discovery, summary judgment, and trial, even without factoring in expert witness proceedings.

Luciano did not have much to say in response. For the most part, he simply branded GS Operating's numbers and explanation as speculative, without providing any evidence that might have undercut GS Operating's facts and figures.

Consequently, removal under 28 U.S.C. § 1332(a) was proper. A remand to state court is denied.

**IT IS SO ORDERED.**

Dated: February 28, 2025

_____
JAMES DONATO
United States District Judge