Emil Davtyan, Esq. (#299363)
Gregg Lander, Esq. (#194018)
Vanessa M. Ruggles, Esq. (#254031)
Taylor B. Keaster, Esq. (#334715)
D.LAW, INC.
1635 Pontius Avenue, Floor 2
Los Angeles, CA 90025-3361
Tel.: (424) 320-6420 / Fax: (424) 320-6454
Emails: Emil@d.law, Gregg@d.law,
Vanessa@d.law, Taylor@d.law

Attorneys for Plaintiff PEDRO LUCIANO,
on behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PEDRO LUCIANO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GS OPERATING, LLC., a Delaware limited liability company; and Does 1 to 50, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No. 3:24-cv-05408-JD <br><br> **FIRST AMENDED CLASS ACTION (FRCP23) COMPLAINT FOR:** <br><br> 1. **FAILURE TO PAY ALL WAGES;** <br> 2. **FAILURE TO PAY ALL WAGES AT THE LEGAL OVERTIME PAY RATE;** <br> 3. **FAILURE TO PROVIDE ALL MEAL PERIODS;** <br> 4. **FAILURE TO PROVIDE LEGALLY-COMPLIANT REST PERIODS;** <br> 5. **FAILURE TO FULLY REIMBURSE WORK EXPENSES;** <br> 6. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 7. **INDEPENDENT FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 8. **VIOLATIONS OF LABOR CODE §§ 201-202;** <br> 9. **PENALTIES UNDER LABOR CODE § 2699; AND** <br> 10. **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Honorable James Donato <br> Courtroom: 11 <br><br> Action filed: June 28, 2024 <br> Trial date: None Set |

- 1 -

**LUCIANO v. GS OPERATING, LLC. – FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-05408-JD**

Plaintiff Pedro Luciano, an individual on behalf of himself and all others similarly situated (collectively referred to as "Plaintiffs"), hereby files this First Amended Complaint against Defendant GS Operating, LLC, and Does 1 to 50 (collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## __INTRODUCTION__

1.     Under Federal Rule of Civil Procedure ("FRCP") Rule 23, Plaintiffs institute this Class action and Private Attorney General action for actual damages, liquidated damages, statutory penalties, restitution, attorneys' fees and the costs of this action against Defendants for multiple violations of the California Labor Code ("Labor Code"), California Business and Professions Code ("B&PC") §§ 17000, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (the "IWC Wage Order(s)") and related common law principles.

2.     Plaintiffs' action seeks monetary damages including full restitution from Defendants as a result of Defendants' unlawful, fraudulent, and/or unfair business practices.

3.     The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four years preceding the filing of the original Complaint herein, plus additional time provided under Cal. Rules of Court, Appendix I, Emergency Rule No. 9, up to and through the time of trial for this matter (although this should not automatically be considered the statute of limitations for any cause of action herein).

RELEVANT JOB TITLES

4.     For introductory and general information only (and not to be considered a proposed class definition), the relevant individuals in this action are Defendants' non-exempt employees who were subjected to Defendants' policies and practices as described herein. Any differences in job activities between the different

individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

5.    With regard to Defendants' non-exempt employees, Defendants have:

    a.    Failed to pay straight time, minimum, and/or overtime wages for all hours worked;

    b.    Failed to pay all overtime wages at the legal overtime pay rate;

    c.    Failed to provide all legally-required meal periods;

    d.    Failed to provide legally-compliant third rest periods;

    e.    Failed to reimburse for all work-related expenses;

    f.    Derivatively failed to timely furnish accurate itemized wage statements;

    g.    Independently failed to timely furnish accurate itemized wage statements;

    h.    Violated Labor Code §§ 201-202;

    i.    Incurred penalties under Labor Code §§ 2698, et seq.; and

    j.    Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFF PEDRO LUCIANO

6.    Plaintiff Pedro Luciano is an individual over the age of 18 and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

7.    Plaintiff Pedro Luciano worked for Defendants as a Warehouse Leader from approximately September 6, 2021, to August 21, 2023, in Livermore, California, which is in Alameda County, California.

8.    Plaintiff Pedro Luciano seeks recovery herein from Defendants because with regard to Plaintiff Pedro Luciano, while acting for Defendants in his

capacity as a non-exempt employee, Defendants have:

    a. Failed to pay straight time, minimum, and/or overtime wages for all hours worked;

    b. Failed to pay all overtime wages at the legal overtime pay rate;

    c. Failed to provide all legally-required meal periods;

    d. Failed to provide legally-compliant third rest periods;

    e. Failed to reimburse for all work-related expenses;

    f. Derivatively failed to timely furnish accurate itemized wage statements;

    g. Independently failed to timely furnish accurate itemized wage statements;

    h. Violated Labor Code §§ 201-202;

    i. Incurred penalties under Labor Code §§ 2698, et seq.; and

    j. Conducted unfair business practices.

<u>DEFENDANT GS OPERATING, LLC.</u>

9. Defendant GS Operating, LLC. is now and/or at all times mentioned in this Complaint was a Delaware limited liability company and the owner and operator of an industry, business and/or facilities licensed to do business and actually doing business in the State of California.

<u>DOES 1 TO 50, INCLUSIVE</u>

10. Does 1 to 50, inclusive, are now and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

11. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of Does 1 to 50, inclusive and for that reason, Does 1 to 50 are sued under such fictitious names under California Code of Civil Procedure § 474.

///

12.     Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

13.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint. Defendants, and each of them, directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of Plaintiffs.

14.     Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

15.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants, and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude, and/or employment.

16.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope and in pursuance of said joint venture, partnership, and common enterprise.

17.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and/or damages alleged in this Complaint.

18.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

///

19.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

20.    The District Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Defendants removed this matter to federal court on August 19, 2024, under 28 U.S.C. §§ 1441 and 1446, in that this is a civil action that purportedly satisfies the requirements of diversity jurisdiction, codified in part at 28 U.S.C. § 1332(a).

21.    This District Court is in the judicial district and division embracing the place where the state court case was brought. Thus, this Court is the proper District Court to which this case should have been removed under 28 U.S.C. §§ 1441(a) and 1446(a).

## IV.

## CLASS ACTION ALLEGATIONS

22.    FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

23.    Plaintiffs bring this suit as a class action under FRCP 23, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

24.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

///

a. All California citizens employed by Defendants as non-exempt employees (as defined, *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of straight time, minimum and/or overtime wages as specifically described herein (hereinafter, the "Wage Class");

b. All California citizens employed by Defendants as non-exempt employees (as defined, *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding the calculation of overtime pay as specifically described herein (hereinafter, the "Overtime Rate Class");

c. All California citizens employed by Defendants as non-exempt employees (as defined, *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

d. All California citizens employed by Defendants as non-exempt employees (as defined, *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

e. All California citizens employed by Defendants as non-exempt employees (as defined, *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding business expense reimbursement as specifically described herein (hereinafter, the "Reimbursements Class");

f. All California citizens employed by Defendants as non-exempt employees (as defined, *supra*) during the appropriate time period

**LUCIANO v. GS OPERATING, LLC. – FIRST AMENDED COMPLAINT**
**CASE NO. 3:24-CV-05408-JD**

who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Derivative Wage Statement Class");

g.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Independent Wage Statement Class");

h.  All formerly-employed California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding Labor Code § 203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and

i.  All California citizens employed by Defendants as non-exempt employees during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §§ 17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

25.  The Wage Class, Overtime Rate Class, Meal Period Class, Rest Period Class, Reimbursements Class, Derivative Wage Statement Class, Independent Wage Statement Class, LC 203 Class, and 17200 Class are herein collectively referred to as the "Classes."

26.  Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to

certify the Classes alleged herein.

27. <u>Numerosity</u> (FRCP 23(a)(1)):

    a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

    b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

    c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

    d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

28. <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    a. Whether Defendants paid the legal and appropriate straight time pay, minimum wage pay and/or overtime pay for all work hours to the members of the Wage Class;

    b. Whether Defendants paid all overtime wages owed to the members of the Overtime Rate Class at the appropriate overtime pay rate;

    c. Whether Defendants failed and continue to fail to provide legally-required meal periods to the members of the Meal Period Class in violation of the Labor Code and Section 11 of the IWC Wage Orders;

    d. Whether Defendants failed and continue to fail to provide legally-compliant third rest periods to the members of the Rest Period

Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

   e.  Whether Defendants failed to fully reimburse for all work-related expenses incurred by the members of the Reimbursements Class;

   f.  Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Derivative Wage Statement Class;

   g.  Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Independent Wage Statement Class;

   h.  Whether Defendants are liable under Labor Code § 203 to the members of the LC 203 Class;

   i.  Whether Defendants' conduct constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, et seq.;

   j.  Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

   k.  Whether the members of the Classes are entitled to injunctive relief;

   l.  Whether the members of the Classes are entitled to restitution; and

   m.  Whether Defendants are liable for attorneys' fees and costs.

29.  <u>Well-defined Community of Interest:</u> Plaintiffs also meet the established standards for class certification, as follows:

   a.  <u>Typicality (FRCP 23(a)(3)):</u> The claims of Plaintiff Pedro Luciano are typical of the claims of all members of the Classes he seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation

of law, as alleged herein.

    b.  <u>Adequacy (FRCP 23(a)(4))</u>: Plaintiff Pedro Luciano:

        i)    is an adequate representative of the Classes he seeks to represent;

        ii)   will fairly protect the interests of the members of the Classes;

        iii)  he has no interests antagonistic to the members of the Classes; and

        iv)  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

30.  <u>Superiority</u> (FRCP 23(b)): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of FRCP 23(a) are satisfied as outlined above, and in addition:

    a.  California has a public policy that encourages the use of the class action device;

    b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitive litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

    d.  If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would

necessarily gain an unconscionable advantage because Defendants
would be able to exploit and overwhelm the limited resources of
each individual member of the Classes with Defendants' vastly
superior financial and legal resources;

e.   Requiring each individual member of the Classes to pursue an
individual remedy would also discourage the assertion of lawful
claims by the members of the Classes who would be disinclined to
pursue an action against Defendants because of an appreciable and
justifiable fear of retaliation and permanent damage to their lives,
careers, and well-being;

f.   Proof of a common business practice or factual pattern, of which
the members of the Classes experienced, is representative of the
Classes herein and will establish the right of each of the members
of the Classes to recover on the causes of action alleged herein;

g.   Absent class treatment, the prosecution of separate actions by the
individual members of the Classes, even if possible, would likely
create:

i)     a substantial risk of each individual plaintiff presenting in
separate, duplicative proceedings the same or essentially
similar arguments and evidence, including expert testimony;

ii)    a multiplicity of trials conducted at enormous expense to both
the judicial system and the litigants;

iii)   inconsistent or varying verdicts or adjudications with respect
to the individual members of the Classes against Defendants;

iv)    potentially incompatible standards of conduct for Defendants;
and

v)     potentially incompatible legal determinations with respect to
individual members of the Classes which would, as a practical

matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

   ii)    Whether Defendants are liable for attorneys' fees and costs.

31.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action.

## V.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

### **FAILURE TO PAY ALL WAGES**

### **(On Behalf of the Wage Class)**

### **(Against All Defendants)**

32.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

33.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

34.    Labor Code § 510(a) states in pertinent part, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

35.    Labor Code § 1182.12 provides the statewide minimum wage in California.

36.    Labor Code § 1194(a) states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

37.    Further, under Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

38.    Under Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

39.    Under the IWC Wage Order(s), Defendants are required to pay the members of the Wage Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

40.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

///

a. Administered a uniform company policy and practice as to the pay policies regarding the members of the Wage Class;

b. Required the members of the Wage Class to spend time under Defendants' control for work-related tasks without compensation, including but not limited to lengthy COVID screenings while off the clock, waiting an inordinate period for their computers to boot up before being able to clock in, and using their personal mobile devices for work-related tasks while off the clock; and, as such,

c. Defendants suffered, permitted, and/or required the members of the Wage Class to work without paying for all time they were under Defendants' control.

41. Because Defendants required the members of the Wage Class to remain under Defendants' control without paying therefor, this resulted in the members of the Wage Class earning less than the legal minimum wage in the State of California.

42. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code § 218, to recovery by Plaintiffs and the members of the Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

43. Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the  Wage Class as described herein is unlawful and creates entitlement, under Labor Code § 1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

///

44.    Under Labor Code § 1194.2(a) (which provides that in any action under Labor Code § 1194, an employee shall be entitled to recover liquidated damages), the members of the Wage Class seek recovery of liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45.    That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation.

46.    Under Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287, the members of the Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

47.    Under Labor Code §§ 218.5 and/or 1194, the members of the Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME**

**WAGES AT THE LEGAL OVERTIME PAY RATE**

**(On Behalf of the Overtime Rate Class)**

**(Against All Defendants)**

48.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

49.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

50.    Labor Code § 510(a) states in pertinent part, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half

times the regular rate of pay for any employee."

51.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." (29 U.S.C. § 207(3).) The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

52.    Labor Code §§ 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

53.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.    Administered a uniform company policy and practice regarding the payment of wages, including overtime and bonuses, to the members of the Overtime Rate Class;

    b.    Suffered and/or permitted Plaintiff and the members of the Overtime Rate Class to work in excess of eight hours per workday and/or in excess of 40 hours per workweek;

    c.    Paid the members of the Overtime Rate Class various additional forms of non-discretionary remuneration, including but not limited to bonuses, incentive pay, and/or gift cards; and yet,

    d.    Failed to pay Plaintiff and the members of the Overtime Rate Class at the legal rate reflecting all applicable forms of remuneration, including but not limited to gift cards and/or bonuses, as required by law.

///

54.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code §§ 218 and 1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

55.     That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation.

56.     Under Labor Code §§ 218.6 and 1194(a), and Civil Code § 3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

57.     Under Labor Code §§ 218.5 and/or 1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ALL MEAL PERIODS
### (On Behalf of the Meal Period Class)
### (Against All Defendants)

58.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

59.     Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

///

60.     Labor Code § 512 provides, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

61.     Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

62.     Section 11(C) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

63.     Section 11(D) of the IWC Wage Order(s) provides "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

64.     On one or more occasions, the members of the Meal Period Class worked over five hours per shift and therefore were entitled to an uninterrupted

meal period of not less than 30 minutes prior to exceeding five hours of employment.

65.     Further, on one or more occasions, some members of the Meal Period Class worked over 10 hours per shift and therefore were entitled to an uninterrupted second meal period of not less than 30 minutes prior to exceeding 10 hours of employment.

66.     The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

67.     The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

68.     As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §§ 226.7, 512, and 516 and Section 11 of the IWC Wage Order(s) by failing to always provide the members of the Meal Period Class with a first and in some cases a second legally compliant meal period.

69.     Under Section 11(B) of the IWC Wage Order(s) and Labor Code § 226.7(c), which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided," the members of the Meal Period Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that one or more meal periods were not provided to them, in a sum to be proven at trial.

///

70.     Under Labor Code § 218.6 and Civil Code § 3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ALL**

**LEGALLY-COMPLAINT THIRD REST PERIODS**

**(On Behalf of the Rest Period Class)**

**(Against All Defendants)**

71.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

72.     Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

73.     Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

74.     Section 12(A) of the IWC Wage Order(s) states, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

75.     Section 12(B) of the IWC Wage Order(s) states, "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

76.     The members of the Rest Period Class sometimes worked over four hours per shift. Further, the members of the Rest Period Class sometimes worked over six hours per shift and in some cases over 10 hours per shift.

77.     The members of the Rest Period Class were entitled to a rest period of not less than 10 minutes for every four hours of work or major fraction thereof.

78.     As a matter of Defendants' established company policy, Defendants failed to always authorize and permit legally-compliant rest periods. Defendants did not authorize and permit rest periods for shifts every four hours or major fraction thereof.

79.     Under Section 12 of the IWC Wage Order(s) and Labor Code § 226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that one or more rest periods were not so provided.

80.     Under Labor Code § 218.6 and Civil Code § 3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

///

## FIFTH CAUSE OF ACTION
## FAILURE TO FULLY REIMBURSE WORK EXPENSES
### (On Behalf of the Reimbursements Class)
### (Against All Defendants)

81.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

82.    Under Labor Code § 2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

83.    Labor Code § 2804 states in pertinent part, "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

84.    As a matter of Defendants' established company policy, Defendants required the members of the Reimbursements Class to personally incur necessary expenditures in direct consequence of the discharge of their duties, including but not limited to the use of personal mobile devices for work-related activities.

85.    Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures.

86.    Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures, including but not limited to the aforementioned expenditures.

87.    As a proximate result of the aforementioned violations of Labor Code § 2802(a), the members of the Reimbursements Class are entitled to recovery from Defendants of the unpaid balance for all necessary expenditures, including but not

limited to the aforementioned expenditures.

88.    As a proximate result of the aforementioned violations of Labor Code § 2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of trial.

89.    Under Labor Code § 2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

90.    Under Labor Code § 2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SIXTH CAUSE OF ACTION**

**DERIVATIVE FAILURE TO TIMELY**

**FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Derivative Wage Statement Class)**

91.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

92.    Labor Code § 226(a) states in pertinent part, "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee…."

93.    Further, the IWC Wage Orders § 7(A) states in pertinent part, "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

94.    Therefore, under Labor Code § 226(a) and the IWC Wage Orders § 7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Derivative Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

95.    As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and still do not furnish each of the members of the Derivative Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

96.    As set forth herein in prior causes of action, Defendants failed to pay the members of the Derivative Wage Statement Class all wages due and owing.

97.    As a derivative result of this failure to pay wages and as a pattern and practice in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants knowingly and intentionally failed to furnish accurate wage statements to the members of the Derivative Wage Statement Class, including, but not limited to, failing to provide the beginning and ending of each work period, meal period interval, total daily hours worked, total hours worked per pay period, and the applicable rates of pay.

98.    As of January 1, 2013, SB 1255 amended Labor Code § 226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code § 226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

99.    Here, the members of Derivative Wage Statement Class suffered injury because, due to Defendants' failure to pay all wages due and owing, Defendants derivatively failed to provide accurate and complete information as required by one or more items listed in Labor Code § 226(a)(1)-(9).

100.    In addition, the members of the Derivative Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Derivative Wage Statement Class in that the members of the Derivative Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226 and the IWC Wage Orders § 7(A), such that the members of the Derivative Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

101.    The actual injuries suffered by the members of the Derivative Wage Statement Class as a result of Defendants' knowing and intentional failure to provide accurate records for the members of the Derivative Wage Statement Class include but are not limited to:

      a.    Confusion over whether they received all wages owed them by Defendants;

b. The difficulty and expense of attempting to reconstruct time and pay records;

c. Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

d. The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code § 226 is missing;

e. That such practice prevents the members of the Derivative Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

f. The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

102. Under Labor Code § 226(e), the members of the Derivative Wage Statement Class are entitled to $50.00 per employee for the initial pay period in which a violation hereunder occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00.

103. Under Labor Code § 226(g), the currently-employed members of the Derivative Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

104. Under Labor Code §§ 226(e)/(g), the members of the Derivative Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

///

///

///

///

1

2

## SEVENTH CAUSE OF ACTION

## INDEPENDENT FAILURE TO TIMELY

## FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### (On Behalf of the Independent Wage Statement Class)

### (Against All Defendants)

105.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

106.    Labor Code § 226(a) states in pertinent part, "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period…"

///

107.    As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with an accurate itemized statement in writing showing total hours worked by the employee and all applicable hourly rates in effect during the pay period.

108.    As of January 1, 2013, SB 1255 amended Labor Code § 226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code § 226(a)(1)-(9) and the employee cannot promptly and easily ascertain required information without reference to other documents or information.

109.    Here, the members of Independent Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as required by one or more items listed in Labor Code § 226(a)(1)-(9) and the Independent Wage Statement Class members could not and cannot promptly and easily ascertain required information without reference to other documents or information.

110.    In addition, the members of the Independent Wage Statement Class have suffered injury as a result of Defendants' failure to provide accurate records for the members of the Independent Wage Statement Class in that the members of the Independent Wage Statement Class were not timely provided written accurate itemized statements showing all required information, including but not limited to the total hours worked by the employee and all applicable hourly rates in effect during the pay period, in violation of Labor Code § 226, such that the members of the Independent Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to the total hours worked by the employee and all applicable hourly rates in effect during the pay period.

///

111.    The actual injuries suffered by the members of the Independent Wage Statement Class as a result of Defendants' knowing and intentional failure to provide accurate records for the members of the Independent Wage Statement Class include but are not limited to:

      a.    That such practice prevents the members of the Independent Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

      b.    The difficulty and expense of filing and maintaining this lawsuit and the discovery required to collect and analyze the very information that California law requires.

112.    Under Labor Code § 226(e), the members of the Independent Wage Statement Class are entitled to $50.00 per employee for the initial pay period in which a violation hereunder occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00.

113.    Under Labor Code § 226(g), the currently-employed members of the Independent Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

114.    Under Labor Code §§ 226(e)/(g), the members of the Independent Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

### EIGHTH CAUSE OF ACTION
### VIOLATIONS OF LABOR CODE §§ 201-202
### (On Behalf of the Derivative LC 203 Class)
### (Against All Defendants)

115.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

116.    Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to 30 days from the due date thereof, until paid or until an action therefor is commenced.

117.    The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

118.    Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

119.    As set forth above, Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two hours of their resignation and failed to pay those sums for up to 30 days thereafter.

120.    Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code § 203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, as set forth above, but Defendants failed to pay them.

121.    Thus, the members of the LC 203 Class are entitled to recovery under Labor Code § 203.

**NINTH CAUSE OF ACTION**

**PENALTIES UNDER LABOR CODE § 2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

122.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

## A.    FAILURE TO PAY SICK PAY AT THE LEGAL PAY RATE

123.    Labor Code § 246(a) states: "(a) An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

124.    Labor Code § 246(b)(1) states: "An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operative date of this article, whichever is later, subject to the use and accrual limitations set forth in this section."

125.    Labor Code § 246(*l*) states: "For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:

> (1)    Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

> (2)    Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

126.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, during the relevant time period:

> a.    Administered a uniform company policy and practice as to the pay policies regarding Plaintiff and all other similarly situated aggrieved employees; and

> b.    Failed to pay Plaintiff and all other similarly situated aggrieved employees for paid sick days in a manner that fully complies with Labor Code § 246(*l*).

127.    Defendants' pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code §§ 246, 248.5, and/or 2699, et seq., to recovery by Plaintiff and all other similarly situated aggrieved employees, in a civil action, to the extent allowed by law.

**B.    FAILURE TO MAINTAIN TEMPERATURE PROVIDING REASONABLE COMFORT**

128.    Labor Code § 1198 requires an employer to comply with the standard conditions of labor for California employees as set forth by the IWC Wage Orders.

129.    IWC Wage Orders § 15 states in pertinent part, "(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for nature of the process and the work performed. (B) If excessive heat or humidity is created by the work process, the employer shall take all feasible means to reduce excessive heat or humidity to a degree providing reasonable comfort. Where the nature of the employment requires a temperature of less than 60° F, a heated room shall be provided to which employees may retire for warmth and such room shall be maintained at not less than 68°. (C) A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use. (D) Federal and State energy guidelines shall prevail over any conflicting provision of this section."

130.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, during the relevant time period:

      a.    Administered a uniform company policy and practice as to the temperature policies regarding Plaintiff and the other aggrieved employees; and

      b.    Subjected Plaintiff and the other aggrieved employees to excessive heat and/or humidity and/or excessive cold temperatures without

using all feasible means to provide reasonable comfort.

131.   Defendants' pattern, practice and uniform administration of corporate policy regarding failure to provide reasonably comfortable temperatures as described herein is unlawful and creates an entitlement to recovery by Plaintiff and all other similarly situated aggrieved employees, in a civil action, to the extent allowed by law.

## C.   PENALTIES ASSESSED

132.   Under Labor Code § 2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, board agencies or employees, such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and Labor Code § 2699(f) (which establishes a civil penalty for violations of all Labor Code provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

    a.   As applicable, for civil penalties under Labor Code § 2699(f), for all violations of the Labor Code except for those for which a civil penalty is specifically provided, in the amount of $100 for each aggrieved employee per pay period for the initial violation; and $200 for each aggrieved employee per pay period for each subsequent violation;

    b.   As applicable, civil penalties under Labor Code § 558 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§ 500-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee

for each pay period for which the employee was underpaid;

c. As applicable, for civil penalties under Labor Code § 1197.1 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§ 1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed;

d. As applicable, for civil penalties under Labor Code § 210 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each employee who is/was not paid wages in accordance with Labor Code §§ 204 and 204b in the amount of a civil penalty of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

e. As applicable, for civil penalties under Labor Code § 226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code § 226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation;

f. As applicable, for civil penalties under Labor Code § 248.5(e) (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code § 246(*l*); and

///

g.  As applicable, for any and all additional civil penalties and sums as provided by the Labor Code and/or other relevant statutes.

133.   In addition, Plaintiff seeks and is entitled to 65% of all penalties obtained under Labor Code § 2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the Labor Code, and 35% to Plaintiff and all other similarly situated aggrieved employees.

134.   Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs under Labor Code §§ 2699(g)(1) and any other applicable statute.

135.   Labor Code § 2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

136.   Labor Code § 2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

137.   Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code § 2699.5 and violations of provisions other than those listed in Labor Code § 2699.5. As such, Labor Code § 2699.3(a) and § 2699.3(c) apply to this

action.

138.    On June 28, 2024, Plaintiffs complied with Labor Code § 2699.3(a) and Labor Code § 2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit 1 is Plaintiffs' LWDA letter.

139.    Labor Code § 2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

140.    As of September 1, 2024 (65 calendar days after Plaintiffs' June 28, 2024, LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with Labor Code § 2699.3(a) and are authorized to commence a civil action that includes a cause of action under Labor Code § 2699.

141.    Further, as of July 31, 2024 (33 calendar days after Plaintiffs' June 28, 2024, LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with Labor Code § 2699.3(c) and are authorized to commence a civil action that includes a cause of action under Labor Code § 2699.

///

///

///

# TENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (On Behalf of the 17200 Class)

### (Against All Defendants)

142.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

143.    Business & Professions Code § 17200 provides, in pertinent part, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act."

144.    Business & Professions Code § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

145.    Business & Professions Code § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

146.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by Business & Professions Code § 17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

147.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

///

148.    Defendants' use of such practices constitutes an unfair business practice and unfair competition and provides an unfair advantage over Defendants' competitors.

149.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

150.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein.

151.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ, and utilize the employment practices outlined in the preceding paragraphs.

152.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

153.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

    a.  That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages:

    b.  For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

    c.  For liquidated damages as authorized by Labor Code § 1194.2(a);

///

d.  For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

e.  For pre-judgment interest as allowed by Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287;

f.  For an award of reasonable attorneys' fees and costs under Labor Code §§ 218.5 and/or 1194(a);

As to the Second Cause of Action for Failure to Pay All Overtime Wages at the Legal Overtime Pay Rate:

g.  For damages, as set forth in Labor Code § 1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

h.  For pre-judgment interest as allowed by Labor Code §§ 218.6 and 1194(a), and Civil Code § 3287;

i.  For an award of reasonable attorneys' fees and costs under Labor Code §§ 218.5 and/or 1194(a);

As to the Third Cause of Action for Failure to Provide Meal Periods:

j.  For one hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal or rest period was not provided;

k.  For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code § 3287;

As to the Fourth Cause of Action for Failure to Provide All Legally Complaint Third Rest Periods:

l.  For one hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a meal or rest period was not provided;

m.  For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code § 3287;

As to the Fifth Cause of Action for Unpaid Reimbursements for Work Expenses:

    n.  For recovery of the unpaid balance for all necessary expenditures and losses incurred in direct consequence of the discharge of Defendants' duties;

    o.  For interest thereon at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss, under Labor Code § 2802(b);

    p.  For reasonable attorneys' fees and costs under Labor Code § 2802(c);

As to the Sixth Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized Wage Statements:

    q.  For recovery as authorized by Labor Code § 226(e);

    r.  For an award of costs and reasonable attorneys' fees under Labor Code §§ 226(e)/(g);

As to the Seventh Cause of Action for Independent Failure to Timely Furnish Accurate Itemized Wage Statements:

    s.  For recovery as authorized by Labor Code § 226(e);

    t.  For an award of costs and reasonable attorneys' fees under Labor Code §§ 226(e)/(g);

As to the Eighth Cause of Action for Violations of Labor Code §§ 201-202:

    u.  For recovery as authorized by Labor Code § 203;

As to the Ninth Cause of Action for Penalties Under Labor Code § 2699:

    v.  As applicable, for civil penalties under Labor Code § 2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

w. As applicable, for civil penalties under Labor Code § 558, in addition to and entirely independent and apart from other penalties in the Labor Code, as follows:

  i) For any initial violation, fifty dollars ($50) for each aggrieved underpaid employee for each pay period for which the employee was underpaid; and

  ii) For each subsequent violation, one hundred dollars ($100) for each aggrieved underpaid employee for each pay period for which the employee was underpaid;

x. As applicable, for civil penalties under Labor Code § 1197.1, in addition to and entirely independent and apart from other penalties in the Labor Code, as follows:

  i) For any initial violation that is intentionally committed, $100 for each aggrieved underpaid employee for each pay period for which the employee was underpaid; and

  ii) For each subsequent violation, regardless of whether the initial violation is intentionally committed, $250 for each aggrieved underpaid employee for each pay period for which the employee was underpaid;

y. As applicable, for civil penalties under Labor Code § 210, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

z. As applicable, for civil penalties under Labor Code § 226.3, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay

period for each subsequent violation;

aa. As applicable, for civil penalties under Labor Code § 248.5(e) (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code § 246(*l*), in the amount of $250;

bb. As applicable, for reasonable attorneys' fees and costs incurred under Labor Code § 2699(g)(1) and any other applicable statute; and

cc. For such relief as this Court may deem just and proper;

As to the Tenth Cause of Action for Unfair Business Practices:

dd. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

ee. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

ff. For an Order requiring Defendants to make full restitution and payment under California law;

gg. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

hh. For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

ii. For all other appropriate injunctive, declaratory and equitable relief;

jj. For interest to the extent permitted by law;

kk. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action under Code of Civil Procedure § 1021.5, Business & Professions Code §§ 17200, et seq., Labor Code §

1194 and/or any other applicable provision of law;

<u>As to All Causes of Action:</u>

ll. For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

**VII.**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: May 7, 2025                    D.LAW, INC.

By:    *<u>/s/ Taylor B. Keaster</u>*
Emil Davtyan, Esq.
Gregg Lander, Esq.
Vanessa M. Ruggles, Esq.
Taylor B. Keaster, Esq.
Attorneys for Plaintiffs

EXHIBIT 1



1635 Pontius Ave, 2nd Floor
Los Angeles, California 90025

☎ (424) 320-6420
🖶 (424) 320-6454

June 28, 2024

<u>**Submitted at https://www.dir.ca.gov with $75 filing fee**</u>

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Re:    <u>GS Operating, LLC (the "Employer")</u>

**NOTICE OF LABOR CODE VIOLATIONS UNDER LABOR CODE § 2699.3**

To:    PAGA Administrator, California Labor and Workforce Development Agency, and the Employer

From:  Pedro Luciano (the "Employee"), who was subjected to the wage and hour practices set forth below

The Employee, by way of the above-named counsel, submits this Notice, under and in compliance with the requirements of California Labor Code § 2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

During the applicable time period the Employer employed the Employee and all other similarly situated aggrieved employees as non-exempt employees and utilized consistent policies and procedures regarding the Employee and all such other aggrieved employees, as follows:

<u>First</u>, the Employee and other aggrieved employees spent time under the Employer's control but were not paid therefor. For example, the Employer required the Employee and other aggrieved employees to conduct lengthy COVID screenings while off the clock, wait an inordinate period for their computers to boot up before being able to clock in, and use their personal mobile devices for work-related tasks while off the clock. In these circumstances, the Employer failed to pay all straight time, minimum, and/or overtime wages due for the time the Employee and other aggrieved employees were subject to the Employer's control. As such, the Employer violated Labor Code §§ 510, 1194, 1197, and/or 1198 and the applicable Industrial Wage Order and owes penalties under Labor Code §§ 2699(f), 1197.1, and/or 558.

<u>Second</u>, the Employer paid the Employee and other aggrieved employees certain forms of non-discretionary pay, including but not limited to bonuses, incentive pay, and/or gift cards. However, the Employer did not include all forms of remuneration in the overtime pay rate when the Employee and other aggrieved employees worked overtime. As such, the Employer violated Labor Code §§ 510, 1194, 1197, 1198 and the applicable Industrial Wage Order and owes penalties under Labor Code §§ 2699(f), 1197.1, and/or 558.

<u>Third</u>, the Employer failed to timely provide all legally compliant meal breaks (including second meal breaks) to the Employee and other aggrieved employees, because the Employer failed to relinquish all control and/or because meal breaks were missed, interrupted, short and/or late. The Employee and other aggrieved employees routinely worked over five hours but did not always get lawful full thirty-minute uninterrupted meal breaks within the first five hours of their shifts. Further, they sometimes worked over ten and/or twelve hours but were not timely provided a legally compliant second meal break. The Employer did not always pay a meal period penalty for these violations. As such, the Employer violated Labor Code §§ 226.7, 512 and 516



PAGA Administrator
Re: GS Operating, LLC
June 28, 2024
Page 2

and the applicable Industrial Wage Order ¶ 11 and owes penalties under Labor Code §§ 2699(f) and/or 558.

Fourth, the Employer failed to always authorize and permit the Employee and other aggrieved employees with paid rest breaks, as the Employee and other aggrieved employees did not always get their full ten-minute uninterrupted third rest breaks for the third four hour period worked or major fraction thereof, and as such, were not always authorized and permitted legally compliant rest breaks. The Employer did not pay a rest period penalty for these rest break violations. As such, the Employer violated Labor Code §§ 226.7 and 516 and the applicable Industrial Wage Order ¶ 12(A)/(B) and owes rest period wages and penalties under Labor Code §§ 2699(f) and/or 558.

Fifth, the Employee and other aggrieved employees incurred expenses while performing reasonable and necessary work-related duties, including but not limited to the use of their personal mobile devices. The Employer failed to reimburse for these work-related expenses. As such, the Employer violated Labor Code § 2802 by failing to reimburse the Employee and other aggrieved employees for all business expenses reasonably incurred in the course of their required work duties and owes penalties under Labor Code § 2699(f).

Sixth, regarding wage statements, under Labor Code § 226 and the applicable Industrial Wage Order, the Employer is required to include certain information on a paystub. Here, because of the Employer failed to pay all wages as set forth above, Employer issued wage statements that inaccurately reflected hours worked and/or wages earned by the Employee and other aggrieved employees, and the Employer has derivatively violated Labor Code § 226 and owes penalties under Labor Code §§ 2699(f) and/or 226.3.

Seventh, regarding wage statements, and in addition to the derivative violations of Labor Code § 226 above, under Labor Code § 226(a) and the applicable Industrial Wage Order, the Employer is required to include certain information on an employee's wage statement. Here, the Employer issued improper wage statements to the Employee and other aggrieved employees because the Employer's wage statements did not always contain all requisite information, including but not limited to the total hours worked by the employee and all applicable hourly rates in effect during the pay period. As such, the Employer independently violated Labor Code § 226 and owes penalties under Labor Code §§ 2699(f) and/or 226.3.

Eighth, regarding waiting time penalties, because the Employer failed to pay all wages as set forth above, formerly-employed aggrieved employees are entitled to thirty days of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. The Employer's failure to timely pay final wages to formerly-employed aggrieved employees was willful in that the Employer adopted policies and/or practices that were incompatible with the Labor Code. Because the Employer failed to pay all wages as set forth above, the Employer derivatively violated Labor Code §§ 201-202 and owes penalties under Labor Code §§ 2699(f) and/or 201-203.

Ninth, the Employer failed to always provide the Employee and other aggrieved employees with paid sick days paid at the regular rate of pay. The Employer paid the Employee and other aggrieved employees certain forms of non-discretionary pay, including but not limited to bonuses, commissions, and/or incentive pay. However, the Employer did not include all forms of remuneration in the sick pay rate in violation of Labor Code § 246(l) and owes penalties under Labor Code §§ 2699(a)/(f), 248.5, and/or 558.



PAGA Administrator
Re: GS Operating, LLC
June 28, 2024
Page 3

    <u>Tenth</u>, and finally, the Employee and other aggrieved employees were subjected by the Employer to excessive heat and/or excessive cold temperatures throughout the year. Under the applicable IWC Wage Order section 15, an employer must provide temperatures "in each work area" that "provide reasonable comfort consistent with industry-wide standards for nature of the process and the work performed." Here, the Employer failed to provide the Employee and other aggrieved employees with reasonable comfort by maintaining the indoor temperature within the range of industry standards by, inter alia, providing adequate air conditioning, heat, ventilation, etc. Therefore, the Employer violated Labor Code § 1198, and owes penalties under Labor Code § 2699(f).

    Under Labor Code § 2699.3(a)(2)(A), please advise within 65 calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations.

    Further, under Labor Code § 2699.3(c)(2)(A), the Employer may cure the alleged violations within 33 calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

    In addition, this letter clearly sets forth the Employee's grievances and proposed remedies, under the Labor Code, PAGA, and otherwise, as set forth above. The Employee would like to engage in reasonable efforts to settle this dispute before filing a civil action against the Employer. The Employee gives the Employer the opportunity, prior to the expiration of the deadline for the LWDA to investigate, to meet the Employee's demands and settle this dispute.

    We understand that if we do not receive a response within 65 calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer under Labor Code § 2699.

    Thank you for your consideration.

Regards,

Emil Davtyan
Gregg Lander
Vanessa M. Ruggles

cc: (via Certified Mail)
Brice C. Smallwood, Esq.
c/o GS Operating, LLC
FROST BROWN TODD, LLP
301 East Fourth St., Suite 3300
Cincinnati, OH 45202

GS Operating, LLC
9500 N. Royal Lane, Suite 130
Irving, TX 75063

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

*Attorneys for Defendant GS Operating, LLC:*

Jannine Kranz, Esq.
LITTLER MENDELSON, PC
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel.: (310) 772-7214
Email: JKranz@littler.com

using the following service method:

**X   VIA ELECTRONIC MAIL:** Service by electronic mail to parties who have already appeared in this post-January 1, 2019 proceeding was made pursuant to the procedures specified in California Code of Civil Procedure § 1010.6(b). The electronic mail was sent to electronic service address(es) that has/have been previously confirmed by email.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **May 7, 2025**, at Los Angeles, California.

*/s/ Cindy Rivas*
**Cindy Rivas**

- 1 -
**PROOF OF SERVICE**